**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID SCONCE,<br><br>             Petitioner,<br><br>     v.<br><br>PATRICK COVELLO, Warden,<br><br>             Respondent. | Case No. 2:21-cv-04872-ODW-PD<br><br>**ORDER DISMISSING SECOND OR SUCCESSIVE HABEAS CORPUS PETITION; DENYING CERTIFICATE OF APPEALABILITY; AND REFERRING PETITION PURSUANT TO NINTH CIRCUIT RULE 22-3(a)** |

Before the Court is Petitioner's third attempt to challenge his April 1997 plea to conspiracy to commit murder and lifetime probation sentence. [*See* Dkt. Nos. 4-5.]

The first habeas petition challenging the plea proceedings was denied and dismissed with prejudice after the Court reached its merits. *See Sconce v. California*, Case No. 2:14-cv-2447-ODW-JC (C.D. Cal. 2018), Dkt. No. 78, 2018 U.S. Dist. LEXIS 56057, *report and recommendation adopted*, 2018 U.S. Dist.

LEXIS 56070.[1]

Petitioner voluntarily dismissed his second habeas petition in February 2021, after this Court issued a Report and Recommendation determining that it was second or successive. *Sconce v. Covello*, Case No. 2:20-cv-01846-ODW-PD, Dkt. Nos. 22, 27, 28, 2020 U.S. Dist. LEXIS 246316, at *10-*12, 2021 U.S. Dist. LEXIS 26063, at *2. In moving to dismiss the petition voluntarily, Petitioner stated he would seek authorization from the Ninth Circuit to file a second or successive petition in this Court. *Id.*, Dkt. No. 27 at 1. As of the date of this order, Petitioner has not filed such a motion in the Ninth Circuit.

The instant Petition is also second or successive and is subject to dismissal.[2] Absent an order from the Ninth Circuit, Petitioner may not bring another habeas corpus petition in this Court challenging the 1997 conviction and sentence. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (holding district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). For that reason, the Petition is dismissed without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is denied.

---

[1] The procedural history of Petitioner's state criminal matter is detailed in the 2018 Report and Recommendation that was adopted by this Court. *See Sconce*, Case No. 2:14-cv-2447-ODW-JC, Dkt. No. 78 at 3-20, 2018 U.S. Dist. LEXIS 56057, at *2-*25.

[2] The Petition challenges the 1997 proceedings by raising a sole claim that the state court misinterpreted the District Court's 1997 order granting the writ of habeas corpus when it sentenced Petitioner to lifetime probation. [Dkt. No. 4 at 7.]

IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22–3(a).

IT IS SO ORDERED.

Dated: August 11, 2021

_____
HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

3